UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DONALD W. ZAPPLEY, SR.,

     Plaintiff,

v.                                       Case No.  2:09-CV-198

THE STRIDE RITE CORPORATION,         HON. GORDON J. QUIST

     Defendant.
_____/

## OPINION

Plaintiff, Donald W. Zappley, Sr. ("Zappley"), proceeding *pro se*, has filed a complaint against his former employer, The Stride Rite Corporation ("Stride Rite").  The Court has granted Zappley leave to proceed *in forma pauperis*.  Stride Rite has now moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the Court will grant the motion in part and deny it in part.

### BACKGROUND

The allegations in Zappley's 21-page complaint are rambling, disjointed, and difficult to follow.  From what the Court can tell, it appears that Zappley was employed by Stride Rite from July 14, 1975, until February 21, 1987.  During his employment with Stride Rite, Zappley was covered by the Stride Rite Retirement Income Plan (the "Plan"), which also included a disability component.  On February 5, 1987, Zappley was injured when he was involved in a hit and run accident with a tractor trailer.  The accident resulted in one or more legal proceedings in New Jersey.

At the time of the accident, Zappley was working as the manager of Stride Rite's Herald Square store in New York City. Zappley had previously held the position of district manager, in which he was responsible for 10 to 13 stores in New Jersey, Delaware, Maryland, and Pennsylvania. Stride Rite assigned Zappley to the New York City store on December 19, 1986, after it became dissatisfied with his performance as district manager. Stride Rite terminated Zappley's employment on February 18, 1987. Zappley sued Stride Rite in February 1988 in New Jersey Superior Court. Stride Rite removed the case to the United States District Court for the District of New Jersey. On December 20, 1989, the New Jersey district court entered an order of dismissal with prejudice, noting that the parties had resolved the case.

Although Zappley does not specifically identify the claims he is asserting in this case, it appears that he is alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461. Specifically, the Court determines that Zappley alleges: (1) a claim for discrimination under ERISA § 510, 29 U.S.C. § 1140, for wrongful discharge by Stride Rite in 1987 in order to prevent him from becoming vested in a disability pension under the Plan; and (2) a claim for benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## MOTION STANDARD

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555,

127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Although an affirmative defense is generally not the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)); *see also Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) (stating that "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint–most commonly that the statute of limitations has run–may properly be asserted in a Rule 12(b)(6) motion"). The Sixth Circuit adheres to this rule as well. *See Pierce v. Oakland County*, 652 F.2d 671, 672 (6th Cir. 1981) (holding that an affirmative defense is not waived even if not pled where it appears on the face of the complaint and is asserted by the defendant in a Rule 12(b)(6) motion to dismiss).

3

### *Claim Under ERISA § 510*

ERISA § 510 provides, in pertinent part:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act. . . .

29 U.S.C. § 1140. Although § 510 does not have its own statute of limitations, courts should "apply the limitations period for the most analogous state law claim." *Alexander v. Bosch Auto. Sys., Inc.*, 232 F. App'x 491, 494 (6th Cir. 2007) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S. Ct. 2281, 2287 (1983)). *Accord Muldoon v. C.J. Muldoon & Sons*, 278 F.3d 31, 32 (1st Cir. 2002) ("Because Congress did not provide a statute of limitations in the ERISA statute for section 510 claims, federal courts must apply the limitations period of the state-law cause of action most analogous to the federal claim."); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992) ("When Congress fails to provide a statute of limitations for claims arising under federal statutes, the courts generally turn to the most analogous state statute of limitations."). Courts have generally concluded that claims under ERISA § 510 are most analogous to employment discrimination or wrongful termination claims. *Alexander*, 232 F. App'x at 494 (citing *Ellis v. Ford Motor Co.*, No. 95-1801, 1996 WL 435199, at *1 (6th Cir. Aug. 1, 1996)). *Accord Berger v. AXA Network LLC*, 459 F.3d 804, 814-15 (7th Cir. 2006) (concluding that the most analogous statute of limitations for an ERISA § 510 claim was the two-year limitations period for retaliatory discharge claims under New York's Workers' Compensation statute); *Felton v. Unisource Corp.*, 940 F.2d

4

503, 512 (9th Cir. 1991) (holding that the most analogous state statute of limitations for a § 510 claim was the limitations period for a claim for termination in violation of public policy or for retaliatory discharge).

A question arises regarding which state's law – Michigan's or New York's – applies in this case. Stride Rite argues that the Court should apply the limitations period for retaliatory discharge claims under New York Workers' Compensation Law § 120. It fails to explain, however, why this federal district court, sitting in Michigan, should apply New York law. The Second Circuit follows the rule that the analogous state statute of limitations should be determined by looking to the pertinent laws of the forum state. *Ceres Partners v. GEL Assocs.*, 918 F.2d 349, 353 (2d Cir. 1990). More importantly, the Sixth Circuit, which this Court is bound to follow, applies the rule that "the forum state's statute of limitations governing the most closely analogous state substantive claim controls, unless a party can demonstrate that the adoption of the forum state's limitation period will substantially undermine federal [] policy or cause the parties undue hardship." *Champion Int'l Corp. v. United Paperworkers Int'l Union*, 779 F.2d 328, 334 (6th Cir. 1985). Because Michigan is the forum state, and Stride Rite fails to argue that adoption of the applicable Michigan period of limitation will undermine federal policy or cause undue hardship, the Court must apply Michigan law.

Neither party cites any applicable Michigan limitations period that might apply to a claim under ERISA § 510. In *LeClear v. Kentucky Fried Chicken*, No. 96-CV-70474-DT, 1996 WL 1031831 (E.D. Mich. June 6, 1996), however, the court determined that the Michigan causes of action most analogous to a § 510 claim are an action for retaliation for the exercise of worker's compensation rights or an action for wrongful discharge in violation of public policy, both of which

are subject to a three-year limitations period under M.C.L. § 600.5805(8).[1]  *Id.* at *4.  The court

rejected the plaintiff's argument that a claim under § 510 is most analogous to one brought under

the Michigan Wages and Fringe Benefits Act ("WFBA"), M.C.L. § 37.2101, *et seq.*, which has a

six-year limitations period.  The court reasoned that a claim under the WFBA is similar to a breach

of contract action, whereas a claim under § 510 focuses' upon the employer's intent in discharging

an employee in order to prevent him from attaining plan benefits.  *Id.* at *3.  The court observed that

claims for retaliation for the exercise of worker's compensation rights and for wrongful discharge

in violation of public policy are "close parallels because they focus on the employer's intent and the

type of interest involved."  *Id.* at *4.  The Court finds the *LeClear* court's analysis persuasive and

likewise concludes that the three-year limitations period for claims for retaliation for the exercise

of worker's compensation rights and/or wrongful discharge in violation of public policy should

apply to claims under ERISA § 510.

The final question is when Zappley's claim accrued.  In *Alexander*, *supra*, the Sixth Circuit

found persuasive the Seventh Circuit's holding in *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th

Cir. 1992), that "'under the federal discovery rule, a claim accrues once the party performs the

alleged unlawful act and once the party bringing a claim discovers an injury resulting from this

unlawful act.'"  *Alexander*, 232 F. App'x at 495 (quoting *Tolle*, 977 F.2d at 1139).  Thus, "[a]ccrual

does not occur as soon as a defendant acts for an unlawful purpose; rather, accrual is delayed until

the plaintiff discovers an injury resulting from the defendant's unlawful actions."  *Id.* (citing *Tolle*,

977 F.2d at 1140-41).  In the instant case, Zappley's claim under § 510 accrued on February 21,

---

[1]At the time of the decision in *LeClear*, the three-year period was set forth in M.C.L. § 600.5805(8).  Pursuant to a subsequent amendment adopted in 2002, 2002 PA 715, subsection (8) was moved to subsection (10).

1987, when he was allegedly wrongfully discharged in order to preclude his Plan benefits from vesting. Zappley alleges that the Plan requires 15 years of employment in order to qualify for a disability pension. Because Zappley knew at the time of his termination that he had been employed by Stride Rite for less than twelve years, Zappley knew or should have known of his injury at that time. Accordingly, Zappley's claim under ERISA § 510 is barred by the statute of limitations because it was filed more than twenty years after it accrued.

### Claim for Benefits

Stride Rite contends that Zappley's claim for benefits under the Plan must be dismissed because Zappley failed to exhaust his administrative remedies.

Because this action arises under ERISA, it implicates the principal of exhaustion of administrative remedies. Although ERISA does not specifically contain an exhaustion requirement, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) (citing 29 U.S.C. § 1133(2)). The Sixth Circuit does not characterize "the exhaustion requirement as 'jurisdictional' but instead holds that application of the doctrine 'is committed to the sound discretion of the district court.'" *Welsh v. Wachovia Corp.*, 191 F. App'x 345, 357 n.5 (6th Cir. 2006) (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998)).

Although the Sixth Circuit has not addressed the issue, a number of courts have held that exhaustion of administrative remedies under ERISA is an affirmative defense. For example, in *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280 (5th Cir. 2007), the Fifth Circuit, citing the United States Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), which held that exhaustion under the Prison Litigation Reform Act is an affirmative defense rather

than a matter that a plaintiff must plead, concluded that exhaustion under ERISA is likewise an affirmative defense.[2] *Id.* at 287. Thus, the court reasoned, "[a]lthough Plaintiffs failed to plead that they exhausted administrative remedies, they need not have done so here." *Id.* Similarly, the Second Circuit has held that exhaustion in ERISA cases is not jurisdictional, but instead is a judge-made concept in the nature of an affirmative defense. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 434, 443-45 (2d Cir. 2006). Although decided before *Jones v. Bock*, *supra*, the Second Circuit in *Paese*, like the Fifth Circuit in *Wilson*, considered the treatment of exhaustion under the Prison Litigation Reform Act as a proper guidepost for treatment of exhaustion under ERISA. *See also Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007) ("The exhaustion requirement [in an ERISA case] is a nonjurisdictional affirmative defense."). This Court finds these cases persuasive and also concludes that exhaustion is an affirmative defense rather than a jurisdictional requirement. This is consistent with the Sixth Circuit's observation that exhaustion in ERISA cases is a discretionary requirement.

Because exhaustion is an affirmative defense, a Rule 12(b)(6) motion is generally not the proper vehicle for asserting lack of exhaustion. As the Eleventh Circuit has stated, "generally, the existence of an affirmative defense will not support a rule 12(b)(6) motion for failure to state a claim." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993). *See also Songbyrd, Inc.*, 104 F.3d at 775 n.3 (stating that "defenses are generally not the proper subject of Rule 12(b)(6) motions"); *Thibodeaux v. Prudential Ins. Co. of Am.*, No. 08-1028, 2008 WL 5397236, at *1 (W.D. La. Oct. 30, 2008) ("In light of the above, it is clear that Prudential's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is not well founded. The proper procedural vehicle

---

[2]The Fifth Circuit also held in a more recent published decision, *Crowell v. Shell Oil Co.*, 541 F.3d 295 (5th Cir. 2008), that the ERISA exhaustion doctrine is an affirmative defense rather than a jurisdictional requirement.

for assertion of the affirmative defense of lack of ERISA administrative exhaustion is by way of properly supported motion for summary judgment."). While, as noted above, a defendant may bring a Rule 12(b)(6) motion to assert an affirmative defense where the affirmative defense appears on the face of the plaintiff's complaint, the Court has reviewed Zappley's complaint and finds nothing therein suggesting that Zappley failed to exhaust his administrative remedies.

Because failure to exhaust administrative remedies is an affirmative defense, the existence of which does not appear on the face of Zappley's complaint, the Court must deny Stride Rite's motion to dismiss Zappley's claim for benefits under ERISA § 502(a)(1)(B) for lack of exhaustion. Stride Rite may, however, re-file its motion as a properly supported motion for summary judgment should it still seek to assert exhaustion as an affirmative defense.[3]

## CONCLUSION

For the foregoing reasons, the Court will grant Stride Rite's motion to dismiss with regard to Zappley's claim under ERISA § 510 but deny it with regard to Zappley's claim for benefits under ERISA § 502(a)(1)(B).

An Order consistent with this Opinion will be entered.


Dated:  January 13, 2010                                                  /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE

---

[3]Although the Court has some reservations about whether summary judgment is the proper vehicle for asserting lack of exhaustion as an affirmative defense, which would require dismissal without prejudice, summary judgment is at least preferable to a motion to dismiss. Moreover, following the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), courts in this district have required defendants in prisoner civil rights cases to raise lack of exhaustion through summary judgment motions rather than through motions to dismiss.